**Raymond L. GLOVER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3384.

United States Court of Appeals, Federal Circuit.

June 4, 2003.

Before CLEVENGER, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Raymond L. Glover seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely. *Glover v. Office of Pers. Mgmt.*, 92 M.S.P.R. 48 (M.S.P.B.2002). We *affirm*.

## I

On March 19, 2001, the Office of Personnel Management ("OPM") notified Mr. Glover in writing that it had recomputed his civil service annuity to eliminate service credit for post–1956 military service. As a result, Mr. Glover's monthly annuity was reduced from $1085 to $976. Mr. Glover appealed OPM's decision to the Board in an untimely manner (approximately three months late). The administrative judge assigned to Mr. Glover's case notified him that his filing was untimely, and afforded him an opportunity to explain why the Board should excuse his untimeliness. Mr. Glover did not respond, and in an initial decision dated December 6, 2001, the administrative judge dismissed Mr. Glover's appeal as untimely filed. This initial decision clearly informed Mr. Glover of the time frame in which he could petition the full Board for review.

Mr. Glover then sought review by the full Board. However, Mr. Glover's petition for review was filed almost three months late. In its final decision dated July 15, 2002, the Board explained that it may waive its time limits on a showing of good cause for the filing delay, citing *Alonzo v. Department of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980), and 5 C.F.R. § 1201.114(f). Since Mr. Glover failed to adequately specify any reason why his petition was filed late, the Board concluded that he had not shown good cause for waiving the requirement that he file for review within 30 days after he received the initial decision of the administrative judge. The opinion of the full Board notes that Mr. Glover seemed not to want to appeal the final decision of OPM but instead wanted to know if he could make a "one time, out of pocket settlement" to avoid reduction of his civil service annuity. Mr. Glover then sought review in this court, and we have jurisdiction over his petition pursuant to 28 U.S.C. § 1295(a)(9).

## II

The decision before us for review is the decision of the Board stating that Mr. Glover's petition for review to the full Board was untimely and therefore required dismissal. We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Where the Board's decision rests on findings of fact, those findings must be supported by substantial evidence. *Id.*

In this case, there is no question that Mr. Glover's petition for review by the full Board was not timely filed, and that he offered no grounds sufficient to require the Board to overlook his delay. Here, as before the Board, Mr. Glover seems primarily to want an answer to his question: whether he can make a one-time payment to avoid the reduction of his civil service annuity that OPM has made. As the Board explained in the only footnote to its opinion, the law allows for a payment of seven percent of a person's total post–1956 military pay in order to receive credit for active duty military service performed after 1956 under both the Civil Service Retirement System and the Social Security System, provided the payment is made before the person retires from government service.

The Board's decision to dismiss Mr. Glover's appeal for untimeliness is affirmed. We cannot issue an advisory opinion to Mr. Glover to answer his question of whether he may still make a one-time payment to avoid the reduction of his civil service annuity. We may, however, urge him to read the footnote in the Board's opinion and, if necessary, obtain some assistance to be able to understand the meaning of that footnote.